UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIANA HOWARD-JOHNSON,

               Plaintiff,                                Case No. 10-13870
                                                          Honorable David M. Lawson

v.


V & S DETROIT GALVANIZING, LLC,

               Defendant.

_____ /

## ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO DEFENDANT'S INSURANCE COVERAGE

      The matter is before the Court on the defendant's motion *in limine* to preclude reference to defendant's insurance coverage. In this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). To meet this requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the movant must certify that "despite reasonable effort *specified in the motion or request*, the movant was unable to conduct a conference." LR 7.1(a)(2)(B).

      The Oxford English Dictionary defines a "conference" as "the action of bringing together" or "meeting for conversation." Oxford English Dictionary, "Conference, n." (online ed. Nov. 2010), *available at* http://www.oed.com:80/Entry/38740 (last visited February 3, 2011). The idea behind the rule requiring opposing counsel to "meet[] for conversation," of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention.

The Court is well aware that sometimes opposing counsel has other schedule demands that prevent an expeditious conference, and that on rare occasions an opponent's intransigence will prevent meaningful discussion. To prevent the meet-and-confer requirement from becoming an insurmountable obstacle to obtaining relief by motion, the local rule allows the movant to explain the efforts made at conferring with the opponent, but those efforts must be "reasonable," and the explanation must be complete. This safety valve provision is not meant to be a substitute for the meet-and-confer obligation or a convenient way to avoid it.

The Court requires meaningful, good faith compliance with the rule. As the definition suggests and as the Court's case management and scheduling order states, a conference normally involves actual contact with opposing counsel. If an actual conversation simply cannot be conducted, the movant must describe with specificity that reasonable efforts were made to conduct the conference. The defendant asserts in its statement of concurrence that "[c]oncurrence in the relief sought in this motion has been sought by way of correspondence to Plaintiff's counsel." The defendant's motion does not state whether the plaintiff concurred or even responded. Moreover, the defendant does not indicate when the correspondence was sent. The defendant's threadbare statement does not provide the Court with a means to determine if the defendant provided the plaintiff with enough time to respond before filing this motion. The defendant's *pro forma* attempt at compliance with the local rules serves neither the letter nor the spirit of the rule. Because the defendant's statement of concurrence does not comply with the local rules, the Court must deny the motion it attempts to support.

Accordingly, it is **ORDERED** that the defendant's motion *in limine* to preclude reference to defendant's insurance coverage [dkt. #47] is **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson

DAVID M. LAWSON
United States District Judge

Date:   February 6, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on February 6, 2012.

s/Deborah R. Tofil

DEBORAH R. TOFIL

---