UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIANA HOWARD-JOHNSON,

                Plaintiff,                          Case No. 10-13870
                                                    Honorable David M. Lawson

v.

V & S DETROIT GALVANIZING, LLC,

                Defendant.
_____ /

**OPINION AND ORDER DENYING MOTION TO AMEND COMPLAINT**

      Before the Court is the plaintiff's motion to ament her complaint to add claims against two

new putative defendants.  The motion was filed over a month after the expiration of the discovery

deadline, which itself was extended on the plaintiff's request, and after the defendant filed a motion

for summary judgement.  The defendant argues that the proposed amendments are futile, and that

the late request would cause it prejudice.  The Court finds no merit in the futility argument, but

allowing the amendment would require starting the case anew to give the new defendants a chance

at discovery.  The motion comes too late, and allowing it would cause the defendant unfair

prejudice.  Therefore, the motion will be denied.

I.

      On November 3, 2009, the plaintiff's decedent, Darryl Johnson, was killed while working

for V&S Detroit Galvanizing.  Johnson was employed at the defendant's hot tip galvanizing plant

in Redford, Michigan.  He was hanging metal parts on a rack, which was suspended above the

ground by a pair of rack stands.  The rack stands supported two separate racks.  Johnson was loading

the second rack while the first rack was being removed by an overhead crane.  While Johnson was loading the second rack, the rack and rack stand fell over and the rack crushed him.

The plaintiff asserts that a similar accident happened in October 2008, and that many complaints were made to V&S Detroit management about the rack and rack stands.

The plaintiff filed her complaint in Wayne County, Michigan circuit court on August 25, 2010 against V&S Detroit Galvanizing as the only defendant, alleging liability under Michigan Compiled Laws § 418.131(1), which establishes an exception to the worker's-compensation-as-exclusive-remedy rule for intentional torts.  The defendant removed on the basis of diversity on September 28, 2010.  The Court entered a scheduling order that established a deadline for completing discovery of July 29, 2011.  The defendant filed a motion for summary judgment on August 12, 2011, but that motion was dismissed and at the plaintiff's request the Court extended discovery to October 17, 2011.  The defendant renewed its motion for summary judgment on October 31, 2011.

The plaintiff filed her present motion to amend the complaint on November 28, 2011, after an earlier false start when she attempted to file a similar but noncompliant motion a week earlier. She contends in her motion that after conducting a number of depositions, she learned that Voigt & Schweitzer, LLC was in charge of safety protocols at the plant and that V&S Schuler Engineering was involved in designing and fabricating the subject rack stands.  She believes that she has valid negligence and gross negligence claims against both companies.

## II.

Motions to amend before trial are governed by Federal Rule of Civil Procedure 15(a).  Rule 15(a)(2) requires a party seeking to amend its pleadings at this stage of the proceedings to obtain

leave of court.  Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," leave may be denied on the basis of undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

The plaintiff argues that she was not aware of potential causes of action against V&S Schweitzer, LLC and V&S Schuler Engineering until after several depositions (taken in September and October 2011).  She says that she learned that the new putative defendants were in charge of safety protocols at the Redford plant and made the decisions regarding the number of racks to be utilized, whether there were single or double racks on the rack stands, the design of the rack stands to be utilized, and whether the rack stands should be bolted to the floor. She says that she did not take those deposition until late in the discovery process because of lack of cooperation by the defendant.  She also argues that the new defendants will not be significantly prejudiced because, as affiliated companies of the wholly owned subsidiary V&S Detroit Galvanizing, LLC, they had notice of plaintiff's potential claims against them due to the current pending lawsuit.

The defendant says that it did not interfere with the plaintiff's discovery, pointing out that well before the plaintiff filed a motion to compel discovery, plaintiff's counsel had been advised that several of the witnesses whom plaintiff sought to depose were no longer employees of defendant and no longer under the defendant's control.  After being so advised, plaintiff's counsel was provided

-3-

with last known addresses of those former employees.  But plaintiff's counsel took no steps whatsoever to subpoena those individuals who plaintiff wished to depose.

The defendant also argues that the plaintiff's assertion that she did not learn of the potential involvement of Voigt & Schweitzer until after the depositions cannot be true because Voigt & Schweitzer's status as the sole member of V&S Detroit Galvanizing was disclosed at the onset of this litigation when the defendant filed its notice of removal.  In addition, plaintiff's counsel took the deposition of Mr. Donald Houston, the former Operations Manager at V&S Detroit Galvanizing, on September 8, 2011.  Mr. Houston was the highest ranking employee of V&S Detroit Galvanizing as of the date of Mr. Johnson's accident.  According to plaintiff's motion, it was the deposition testimony of Mr. Houston, at least in part, which lead her to believe that she had claims against Voigt & Schweitzer and V&S Schuler.

The defendant also insists that the proposed claims against Voigt & Schweitzer and V&S Schuler are futile.  A court may deny a motion for leave to amend when the proposed amendment would be futile.  *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).  In other words, if the district court concludes that "'the pleading as amended could not withstand a motion to dismiss,'" the court may deny the motion to amend, thereby saving the parties and the court the expense of having to confront a claim doomed to failure from the onset." *Head*, 870 F.2d at 1123 (quoting *Martin*, 801 F.2d at 248).  "[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556

-4-

U.S. 662, 678 (2009)).  The Court cannot accept the futility argument, however, because doing so would require judicial fact finding.

The defendant argues that the negligence claim against V&S Schuler is futile because it did not design the racks.  The defendant asks the Court to disregard the plaintiff's allegations, which are based on the deposition of a short-term employee, and instead credit the testimony of Gary Snyder, a long-time employee of Voigt & Schweitzer, who testified that V&S Schuler had nothing to do with the design or manufacture of the specific rack.  It would be improper for the Court to weigh the evidence at this stage in the litigation.  *Pheil v. State St. Bank & Trust Co.*, 671 F.3d 585, 593 (6th Cir. 2012).

The plaintiff's proposed amended complaint alleges that Schuler designed and fabricated the subject rack stands; provided the rack stands to V&S Detroit Galvanizing; and was consulted regarding the integrity of the rack stands.  Her complaint alleges enough factual information to survive a motion to dismiss.

The defendant argues that the claim against Voigt & Schweitzer is futile because Voigt & Schweitzer cannot be held liable for the actions of V&S Detroit Galvanizing.  This argument is easily dispatched.  The plaintiff's proposed amended complaint alleges that Voigt & Schweitzer itself was negligent; it does not attempt to impute liability through any sort of vicarious liability.

The defendant, citing *Wells v. Firestone Tire & Rubber Co.*, 421 Mich. 641, 364 N.W.2d 670 (1985), also argues that the plaintiff's sole remedy against Voigt & Schweitzer, as V&S Detroit Galvanizing's sole member, is worker's compensation.  Michigan courts use the "economic reality test" to determine "which of two separate corporations, parent or subsidiary, was plaintiff's actual employer for purposes of the Worker's Disability Compensation Act."  *Wells*, 421 Mich. at 647, 364

N.W.2d at 673.  When applying the test, courts weigh factors such as the payment of wages, control, hiring and firing, and the responsibility for the maintenance of discipline.  No single factor is controlling.  *Id.* at 648, 364 N.W.2d at 673.  This test is an inherently factual inquiry, and one that the Court is not positioned to undertake because neither party has provided evidence regarding any of the factors.

The timing of the plaintiff's motion presents a different problem.  Delay alone does not justify denial of a motion brought under Rule 15(a).  *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995).  Nor does the Rule establish a deadline within which a party must file a motion to amend.  *See Lloyd v. United Liquors Corp.*, 203 F.2d 789, 793-94 (6th Cir. 1953) (reviewing a district court's denial of a motion to amend after the entry of summary judgment).  But the party seeking to amend must "act with due diligence if it wants to take advantage of the Rule's liberality."  *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (internal quotation marks omitted).  Where, as here, "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."  *Wade*, 259 F.3d at 459.

Failure to plead an available claim in a timely manner deprives an opposing party of "notice that it would have to defend" against the new claim.  *Ibid.*  Courts are especially inclined to deny a motion brought under Rule 15 "if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (2d ed. 1990); *see Wade*, 259 F.3d at 459 (finding undue delay where the plaintiff knew the facts forming the basis of the amended claims but failed to plead the claims in the original complaint).

Similarly, where a party waits until the end of the allowable discovery period to investigate the facts of the case, due diligence is difficult to prove.

Related to the late-filed motion is the question of prejudice to the defendant. Courts will deny leave to amend where there is "some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). An amendment to a complaint prejudices a party where the amendment will require that party to prepare an additional defense strategy and expend additional resources to defend against new claims. *See Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973). In *Wade v. Knoxville Utilities Board*, 259 F.3d 452, 459 (6th Cir. 2001), the Sixth Circuit held that plaintiffs amendment would cause prejudice to the defendant because "[t]he dispositive motion deadline has already past, [the] defendant has filed a motion for summary judgment on all claims alleged in the original complaint . . . [and] significant discovery has been completed including more than 20 depositions."

The Sixth Circuit has repeatedly concluded that allowing amendments after the close of discovery prejudices the defendant. *See Duggins,* 195 F.3d at 834 (denying leave to amend because "discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed"); *see also Miller v. Admin. Office of Courts,* 448 F.3d 887, 898 (6th Cir. 2006) ("At least one Sixth Circuit decision has held that allowing amendments after the close of discovery creates significant prejudice, and other Circuits agree" (quoting *Duggins*, 195 F.3d at 834)); *Parry*, 236 F.3d at 306-07 (upholding denial of leave to amend complaint where amendment was sought more than a year after original complaint was filed, summary judgment had been granted to defendants two months earlier, and plaintiff was attempting to add a new legal theory). The Sixth Circuit even has found that "amendments on the *eve* of the close of discovery would be prejudicial

to defendants and unduly delay trial." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005).

The defendant argues that it would be prejudiced if the Court allowed the plaintiff to amend her complaint at this stage of the case. The Court must agree. The plaintiff contends that she did not learn of the information she needed to form a basis for adding the two new defendants and new claims until the beginning of October at the latest. Discovery closed on October 17, 2011, and yet the plaintiff waited more than an entire month to file a motion to amend. This is not a complex area of the law, and plaintiff's counsel has offered little in the way of justification for his delay except that he had to read twenty depositions. Allowing the plaintiff to amend will require reopening discovery and essentially start the case over from the beginning. The case law does not support a justification for the amendment proposed but rather firmly supports denying a motion to amend brought this late in the proceedings.

III.

The Court finds that the proposed amendment comes too late in the case. Undue prejudice to the defendant and unwarranted additional case preparation expense will result if the amendment is allowed.

Accordingly, it is **ORDERED** that the motion to amend the complaint [dkt. #37] is **DENIED**.

s/David M. Lawson\
DAVID M. LAWSON\
United States District Judge

Dated:  July 20, 2012

-8-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL