UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIANA HOWARD-JOHNSON,

                    Plaintiff,                    Case Number 10-13870

v.                                                Honorable David M. Lawson

V&S DETROIT GALVANIZING, LLC,

                    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

On September 21, 2102, the Court filed an opinion denying the defendant's motion for summary judgment. The defendant now has filed a motion for rehearing. The main premise of the defendant's motion is that the facts in the record favor its own version of how the fatal accident occurred. The defendant argues that the rack fell on and crushed the plaintiff not because the rack stands were inherently unstable, but because a crane operator knocked the second rack from the stand when he was attempting to lift the first rack from the same pair of stands. The defendant also believes that the Court failed to "keep in mind" the standards for proving an intentional tort, as that term is construed under the Michigan Worker's Disability Compensation Act.

A motion for reconsideration is not intended as a means to allow a losing party to simply rehash rejected arguments or to introduce new arguments. *See, e.g. Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) ("Thus, parties should not use [motions to reconsider] to raise arguments which could, and should, have been made before judgment issued."). Motions that present arguments after that fashion are improper and do not present a valid basis for reconsideration. *See* LR 7.1(g)(3) (stating that "the court will not grant

motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). That is what the defendant has done here.

In its opinion denying the motion for summary judgment, the Court found that the record supported a version of events that had the unstable rack stands tipping over and causing the rack to fall. The plaintiff argued that the defendant exposed its employees who hung parts from the racks to a continuously operative dangerous condition that it knew would inevitably result in an injury. The plaintiff believed that placing two racks on a pair of stands created such an instability that tip-overs were common and injuries were certain to follow. The defendant argued in its motion and again here on rehearing that the accident occurred as a result of a crane operator's negligence. The record contains evidence that supports the defendant's version of the events. But the record also supports the plaintiff's version, as described by the Court.

All of the witnesses identified a post-accident photograph that showed a rack stand laying on its side on the ground, and there is no dispute that the stand was in that position in the immediate aftermath of the accident. There is no other logical explanation for the stand being on its side other than that it fell over during the incident. Even if parts from the first rack stand "clipped" the second rack or stand, or something "got hung up" on a rack or stand and hastened or precipitated the fall, it is undisputed that one stand did fall over, and there is no suggestion in the record that the stand fell only after the rack had hit the ground. For example, neither party identified testimony or suggested that it was pushed over or fell over on its own after the accident.

Derrick Riley's testimony can be fairly read as stating that he was looking directly at the racks and stands when the incident occurred, and that he saw the stands start to tip or fall ("come over" "start to fall over"). Riley stated that he did not know why the racks or stands fell over.

Riley's testimony seems particularly compelling, however, because he says he was looking right at Johnson, saw the rack starting to fall, and tried to warn Johnson, as it was happening.

The defendant cites Corey White's testimony as supporting its version of events, but White admitted several times that he was solely fixated on watching the rack he was working on, not the other rack, and he was uncertain enough on the issue of an item getting caught or hung up on the falling rack that a jury could reasonably conclude he did not see it, or did not see anything get hung up clearly, or could not tell what, if anything, got hung up. White testified that "it all happened so fast" that it is reasonable to conclude he did not have a clear view of what exactly caused the rack and stands to fall over. White also stated, "When he lifted their rack up, our rack tipped. Our rack went at an angle. When he went up, their rack clipped our rack from standing straight to a tip." That testimony could support either version of the fatal event.

Carl Neal testified that the rack stands "flipped over," and that he knew that because he turned around immediately after the accident in this case and concluded from the aftermath what had occurred. Although Neal admits that he had his back turned when the rack fell, it is reasonable to infer that based on his familiarity with the racking system, he could accurately determine from his experience and knowledge what happened based on turning around and seeing the immediate aftermath of the accident.

The defendant's argument also assumes that whatever the crane operator did was negligent, and that his negligence was the proximate cause of the injury. However, the testimony does not indisputably establish that the crane operator was negligent, because it is reasonable to conclude that the evidence about what exactly happened during the lift is unclear. Moreover, the Court concluded that there is a fact question as to whether the workers were doing exactly as they were told. If the

crane operator was doing as he was told, a jury still could reasonably conclude that the employer knew the workers were subjected to the dangerous condition and did nothing to stop it.

Summary judgment might be appropriate in this case if the Court were to view the evidence in the light most favorable to the defendant. But that standard finds no support in summary judgment jurisprudence, since the defendant is the moving party. Instead, when "'reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited. Rather . . . the facts and any inferences that can be drawn from those facts[] must be viewed in the light most favorable to the non-moving party.'" *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citations omitted)); *see also Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) ("In evaluating the evidence, [the district court] 'draw[s] all reasonable inferences therefrom in a light most favorable to the non-moving party.'") (quoting *PDV Midwest Ref., LLC v. Armada Oil & Gas Co.*, 305 F.3d 498, 505 (6th Cir. 2002)).

The defendant, while acknowledging that the Court correctly stated the applicable law, also believes that the Court misapplied it by confounding the concepts of "dangerous condition" and "continuously operative dangerous condition." The Court disagrees. The two concepts are distinct and treated as such in the Court's opinion, which a careful reading will disclose.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't*

*of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). No such defenct has been shown here.

      Accordingly, it is **ORDERED** that the defendant's motion for reconsideration [dkt. #67] is **DENIED**.

                                      s/David M. Lawson  
                                      DAVID M. LAWSON  
                                      United States District Judge

Dated:   October 16, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 16, 2012.

                                s/Deborah R. Tofil  
                                DEBORAH R. TOFIL