UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIANA HOWARD-JOHNSON,

                Plaintiff,                          Case Number 10-13870

v.                                              Honorable David M. Lawson

V&S DETROIT GALVANIZING, LLC,

                Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO CERTIFY
## ORDER FOR INTERLOCUTORY APPEAL

On September 21, 2102, the Court filed an opinion and order denying the defendant's motion

for summary judgment.  Now, nearly a month later, the defendant has filed a motion to certify that

order under 28 U.S.C. § 1292(b) so that it might take an interlocutory appeal.  In an intervening

motion for reconsideration, the defendant acknowledged that the Court correctly "recognized the

elements of the intentional tort exception" to the workers' compensation exclusive remedy

provision.  Br. in Support of Mot. for Reconsideration. at 10.  The defendant takes issue with the

Court's application of the facts in the record to the state legal principles.

Section 1292(b) allows an interlocutory appeal from a district court order when "such order

involves a controlling question of law as to which there is substantial ground for difference of

opinion," provided that "an immediate appeal from the order may materially advance the ultimate

termination of the litigation."  28 U.S.C. § 1292(b).  Interpreting that statute, the Sixth Circuit has

identified four elements that must be present before an interlocutory appeal may be authorized:

> (1) [T]he question involved must be one of "law"; (2) it must be "controlling"; (3)
> there must be a substantial ground for "difference of opinion" about it; and (4) an
> immediate appeal must "materially advance the ultimate termination of the
> litigation."

*Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (citing *Milbert v. Bison Labs.*, 260 F.2d 431, 433 (3rd Cir. 1958).

A question of law is controlling "if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 350 (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). In order for a question to be controlling, it must be shown that there is substantial ground for difference of opinion, *In re Lott*, 424 F.3d 446, 449 (6th Cir. 2005), and that an immediate appeal may materially affect the outcome of the litigation. *In re Baker & Getty Fin. Servs. Inc.*, 954 F.2d at 1172 n.8 (quoting *Ariz. v. Ideal Basic Indus. (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). A "controlling question of law" need not be "directly related to [the] substance of the controversy between the parties[,]" although it is important that the resolution of the question substantially accelerate the conclusion of litigation. 10 Lawrence P. King, *Collier on Bankruptcy* ¶ 8003.03 (citing 19 Moore's Federal Practice, § 203.31[3]). The controlling question may regard "an order transferring or refusing to transfer an action, a stay of the action pending the appeal, the right to a jury trial, disqualification of counsel, or even discovery." *Ibid.* Controlling questions do not include issues within the trial court's discretion, *In re City of Memphis*, 293 F.3d at 350 (citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994), or that require the reviewing court to study the record or find facts, *In re ASC Inc.*, 386 B.R. 187, 196 (E.D. Mich. 2008).

The defendant's main point of dispute with the Court's ruling is particularly fact-bound. That proposition is made clear by the liberal references the defendant makes in its brief to the record in this case. The defendant has attached pages of depositions transcript to its brief in an effort to demonstrate that the Court's take on the facts is erroneous. The defendant is entitled to its

viewpoint, but its argument plainly demonstrates that the cornerstone of the order denying the motion for summary judgment is hardly a controlling question of *law*.

The defendant's motion fails the first element of the test under 28 U.S.C. § 1292(b) for certification of an interlocutory appeal. The intentional tort exception to the exclusive remedy bar found in Michigan's Worker's Disability Compensation Act is well established under Michigan law. The Court does not find that its order denying the defendant's motion for summary judgment "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

Accordingly, it is **ORDERED** that the defendant's motion to certify the order for interlocutory appeal [dkt. #69] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 23, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL