UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIANA HOWARD-JOHNSON,

                Plaintiff,                              Case Number 10-13870

v.                                                          Honorable David M. Lawson

V&S DETROIT GALVANIZING, LLC,

                Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO MENTION PLANS TO BOLT DOWN AND MODIFY RACK STANDS IN OPENING STATEMENTS

      This matter is before the Court on the plaintiff's motion for permission to mention plans to bolt down and modify rack stands in opening statements. The plaintiff's motion does not indicate whether plaintiff's counsel sought concurrence in the relief requested from counsel for the defendant, as plaintiff's counsel was obliged to do under the local rules. *See* E.D. Mich. LR 7.1(a). In this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). If concurrence is obtained, the parties then may present a stipulated order to the Court. If concurrence is not obtained, Local Rule 7.1(a)(2) requires that the moving party state in the motion that "there was a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought [ ] or . . . despite reasonable efforts specified in the motion, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2).

      The plaintiff does not state in her motion that concurrence was sought from the defendant before filing the motion. "It is not up to the Court to expend its energies when the parties have not

sufficiently expended their own." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996). Because the plaintiff filed her motion in violation of the applicable rules, the Court will deny it.

Moreover, the Court's prior order on the defendant's motions *in limine* made clear that before offering any testimony at trial about plans to bolt down or modify rack stands, the plaintiff must put into evidence sufficient facts for a reasonable juror to conclude that those plans were in place before the event that resulted in Mr. Johnson's death. As the Court further instructed:

> Before offering any testimony at trial that rack stands were bolted to the floor after the plaintiff's injury, plaintiff's counsel must seek a sidebar or other hearing out of the jury's presence to allow defense counsel to make objections and so that the Court may review the record of the testimony up to that point to determine whether the bolting down was a remedial measure in progress prior to the injury. Plaintiff's counsel is further instructed to observe each of these same restrictions as to evidence of the plan to modify rack stands from double to single configuration and evidence of any completed modifications to change the configuration of the stands.

[dkt. #65]. Because the Court cannot decide whether to permit evidence of plans to bolt down or modify the rack stands until the plaintiff has put the required predicate facts on the record at trial, the Court would not be inclined to grant the plaintiff's motion to mention those plans in opening statements even if the plaintiff had properly sought concurrence for her motion.

Accordingly, it is **ORDERED** that the plaintiff's motion for permission to mention plans to bolt down and modify rack stands in opening statements [dkt. #70] is **DENIED**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated:   October 26, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 26, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL